Filed 11/6/25  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102353 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE022060) |
| v. | |
| CHRISTOPHER JOHN SMITH, | |
| Defendant and Appellant. | |

Defendant Christopher John Smith pleaded no contest to grand theft (Pen. Code, § 487, subd. (a))[1] and stipulated to an upper term sentence of three years in county jail. In accordance with the plea agreement, the trial court imposed and suspended the stipulated sentence and placed defendant on formal probation through the reentry court program (program).  After defendant absconded from the program, the court executed the

---

[1]  Undesignated statutory references are to the Penal Code.

1

stipulated term. The court denied defendant's request for resentencing "to no higher than the midterm" pursuant to section 1170, subdivision (b).

On appeal, defendant contends the trial court erred when it refused to consider lowering his sentence from the stipulated (and previously suspended) upper term of three years. Specifically, he claims the amendments to section 1170, subdivision (b) made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which limited the trial court's ability to impose an upper term sentence, apply to entitle him to resentencing notwithstanding the fact that the upper term sentence he challenges on appeal was part of a stipulated sentence. We disagree and affirm the judgment.[2]

## BACKGROUND

On December 17, 2020, defendant pleaded no contest to grand theft. (§ 487, subd. (a).) In accord with the plea agreement, the trial court sentenced defendant to the stipulated upper term of three years in county jail. The sentence was suspended, and defendant was placed on two years of formal probation through the program. Among other things, the terms of probation required defendant to comply with the program rules, conditions, and contract.[3] Defendant was required to successfully participate for at least

---

[2] We note defendant does not argue he was *presumptively* entitled to a lower term sentence (see § 1170, subd. (b)(6)(A)-(C)), or point to anything in the record suggesting as much, which would arguably require us to apply a different analysis. Instead, he broadly argues that in the absence of aggravating factors found or stipulated to be true, the trial court erred in executing his upper term sentence and was required to provide him with a resentencing hearing.

[3] Neither the plea agreement form nor the program's contract were included in the record on appeal, but the terms are generally described by the trial court. There is no dispute that defendant was properly deleted from the program and facing execution of his custodial sentence. The sole issue on appeal is the applicability (to defendant's stipulated suspended sentence) of the heightened requirements for a trial court's discretionary decision to impose an upper term sentence created by Senate Bill No. 567.

2

one year in order to graduate and have the suspended term lifted. However, he would be required to serve the suspended term if he were deleted from the program.

On August 13, 2024, defendant filed a statement in mitigation wherein he asked the trial court to resentence him "to no higher than the midterm" based upon the changes made by Senate Bill No. 567 to section 1170, subdivision (b). At the hearing, the court acknowledged the split in authority on whether it was required to resentence a defendant under Senate Bill No. 567 when there is a stipulated sentence. The court chose to follow the decision in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314 (*Mitchell*), which held that a defendant is not entitled to resentencing when there is a stipulated sentence, and denied the resentencing request, while at the same hearing granting the People's request to delete defendant from the program because he had absconded. The court terminated probation and executed the stipulated upper term of three years.

Defendant timely appealed. He claims the trial court prejudicially erred when it relied on the *Mitchell* decision to deny his resentencing request. We are not persuaded.

DISCUSSION

Senate Bill No. 567, effective January 1, 2022, amended section 1170 to limit the trial court's ability to impose the upper term by making the middle term the presumptive prison term unless specified circumstances exist. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1.3.) A trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (b)(2).)

As a general matter, Senate Bill No. 567's amendments to section 1170 apply retroactively to all nonfinal cases. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109, disapproved on other grounds in *People v. Lynch* (2024) 16 Cal.5th 730.) However, as

3

the parties acknowledge, there is a split in authority among the Courts of Appeal as to whether these amendments apply retroactively to sentences imposed pursuant to stipulated plea agreements.

In *Mitchell*, the court stated that, when imposing a sentence as part of a stipulated plea agreement, the trial court "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1058, review granted.) Rather, "when presented with a stipulated plea agreement, a trial court may either accept or reject it." (*Ibid*.) Section 1170, subdivision (b)(1) contemplates imposition of sentence in the trial court's "sound discretion." The court in *Mitchell* concluded that this "language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place." (*Mitchell*, at p. 1058.)

Defendant acknowledges *Mitchell* but relies instead on *Todd* and its progeny, as does our dissenting colleague. The *Todd* court disagreed with *Mitchell*, concluding the defendant's "sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b), which is retroactively applicable to him." (*People v. Todd* (2023) 88 Cal.App.5th 373, 381, review granted Apr. 26, 2023, S279154 (*Todd*).) The court stated that section 1170 as amended "prohibits the imposition of the upper-term sentence absent specific findings." (*Todd*, at p. 378.) Thus, "the imposition of the aggravated term exceeds the court's authority unless the statutory prerequisites are met or waived because the aggravated term cannot be imposed absent the court's finding of those circumstances." (*Id*. at p. 379.)

Additionally, the *Todd* court stated that adopting the reasoning in *Mitchell* would improperly render the defendant's plea bargain to a stipulated sentence "the very waiver of 'unknown future benefits of legislative enactments' that the Legislature has deemed

4

void as against public policy because his entry of plea on those terms was not 'knowing and intelligent.' " (*Todd*, *supra*, 88 Cal.App.5th at p. 380, review granted.)

Our Supreme Court is poised to resolve this split. (*Mitchell*, *supra*, 83 Cal.App.5th 1051, review granted.) In the meantime, we find *Mitchell*'s analysis more persuasive. In executing the suspended stipulated prison term, the trial court properly did not apply section 1170, subdivision (b) to select an upper, middle or lower term. (§ 1192.5, subd. (b) [when a plea is approved by the court, it may not proceed other than as specified in the plea].) "[W]hen presented with a stipulated plea agreement, a trial court may either accept or reject it. ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' " (*Mitchell*, at p. 1058; accord *People v. Sallee* (2023) 88 Cal.App.5th 330, 338, review granted Apr. 26, 2023, S278690 ["when the defendant and the prosecutor agree that a specified sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence"].)

Indeed, in a case involving a plea agreement and stipulated sentence, a trial court does not make the findings required under section 1170, subdivision (b)(1) or (2), including whether there are circumstances in aggravation of the crime that justify an imposition of a term of imprisonment exceeding the middle term and whether the facts underlying those circumstances have been stipulated to by defendant or found true beyond a reasonable doubt by a jury or judge in a court trial. Accordingly, section 1170, subdivision (b)(1) and (2) do not apply where the defendant agreed to an upper term sentence pursuant to a plea agreement. (*Mitchell*, *supra*, 83 Cal.App.5th at pp. 1058-1059, review granted; *People v. Sallee*, *supra*, 88 Cal.App.5th at pp. 338-341, review granted; see *People v. Segura* (2008) 44 Cal.4th 921, 931 [" 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain' " " 'Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of

5

course, the parties agree" ' "]; but see *Todd*, *supra*, 88 Cal.App.5th at pp. 378-381, review granted [disagreeing with *Mitchell* and holding that the defendant was entitled to resentencing in light of the Senate Bill No. 567 amendments to section 1170, subdivision (b) even if the defendant had stipulated to an upper term sentence as part of a plea bargain]; *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1057, 1063, review granted Feb. 21, 2024, S283452 [agreeing with *Todd*]; *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [agreeing with *Todd*].)

Because we conclude the amendments to section 1170, subdivision (b)(1) and (2) do not apply to defendant's stipulated sentence, we need not and do not address his claim that the error was prejudicial under the test articulated in *People v. Lynch, supra*, 16 Cal.5th 730.

DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, Acting P. J.

I concur:

_____/s/_____
Boulware Eurie, J.

FEINBERG, J., Dissenting.

I respectfully disagree with the majority's decision to uphold defendant Christopher John Smith's upper term sentence in reliance on *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059, review granted December 14, 2022, S277314. (Maj. opn., *ante*, at pp. 5-6.) For the reasons our colleagues in other appellate districts have persuasively explained, defendants stipulating to upper term sentences before Senate Bill No. 567's amendments to Penal Code section 1170 took effect remain entitled to the benefits of that ameliorative legislation. (E.g., *People v. Todd* (2023) 88 Cal.App.5th 373, 377-381, review granted Apr. 26, 2023, S279154; *id.* at p. 381 ["negotiated plea agreement does not negate the requirements imposed on the court by amended [Pen. Code, §] 1170, [subd.] (b)"]; *id.* at pp. 379-380 [stipulated agreement accepted by trial court does not insulate parties from retroactive changes enacted by Senate Bill No. 567]; *People v. Fox* (2023) 90 Cal.App.5th 826, 831-834 [*Todd*'s holding "compelled by" state high court's decision in *People v. Stamps* (2020) 9 Cal.5th 1124].) Moreover, the People in this case do not argue that any error in the trial court's failure to apply the requirements of Senate Bill No. 567 was harmless. I would therefore reverse the judgment and remand the matter to permit Smith to waive or invoke the requirements of Penal Code section 1170, subdivision (b). (*Todd*, at p. 381 [discussing remedy], review granted; *Fox*, at p. 835 [same].)



/s/
Feinberg, J.

1